

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**Signed October 9, 2019**                                    **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In re: § | |
| § | Case No. 15-43533-ELM-13 |
| DEBORAH S. WRIGHT and § | |
| PAUL H. WRIGHT, § | Chapter 13 |
| § | |
| Debtors. § | |

## AMENDED MEMORANDUM OPINION AND ORDER

Presented for determination by the Court in connection with the below-described dispute involving a mid-case mortgage notice are the following two questions: (1) where, as here, the Court's local rules and the Chapter 13 trustee's mortgage notice issued in accordance therewith provide that the deadline for the filing of a response to the mortgage notice is to be calculated as a period of days after the date of the filing of the mortgage notice, while the Court's separately-issued scheduling order with respect to the mortgage notice fixes a date certain deadline for the filing of the response, does the Court's local rules, the mortgage notice or the scheduling order control?; and (2) if the scheduling order controls, does Federal Rule of Bankruptcy Procedure 9006(a)(1)(C) apply to extend the date certain deadline set forth within the scheduling order if the

date certain deadline falls on a weekend?  For the reasons set forth below, the Court concludes that the scheduling order controls and that Federal Rule of Bankruptcy Procedure 9006(a)(1)(C) does not apply to extend the date certain deadline set forth within the scheduling order.

## *JURISDICTION*

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc (Miscellaneous Rule No. 33)* of the United States District Court for the Northern District of Texas.  Venue of the bankruptcy case and this proceeding in the Northern District of Texas is proper under 28 U.S.C. §§ 1408 and 1409.  The proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## *BACKGROUND*

Pam Bassel (the "**Trustee**"), the duly-appointed Chapter 13 trustee in this case, filed and served a *Notice to Deem Mortgage Current Or, Alternatively Notice of Amount Deemed Necessary to Cure (Including Notice of Hearing) (Mid Case Mortgage Notice per Local Bankruptcy Rule 3002.1-1)* [Docket No. 69] (the "**Mortgage Notice**") on February 12, 2019.  Pursuant to Local Bankruptcy Rule 3002.1-1,[1] the Mortgage Notice provided notice to the Debtors' mortgage lender JPMorgan Chase Bank, National Association ("**JPMorgan**"), its counsel, and the Debtors (who are *pro se*) of the status of the Debtors' financial compliance with both the confirmed Chapter 13 plan in the case (the "**Plan**")[2] and home mortgage with JPMorgan (the "**Mortgage**").  Specifically,

---

[1] *See* N.D. Tex. L.B.R. 3002.1-1(b) (mortgage notice to state "whether or not, to the trustee's knowledge, the debtor is current on his plan and mortgage, and, if not, the amount believed necessary to cure any default on the plan and mortgage claim.").

[2] The Debtor's Chapter 13 plan [Docket No. 2] was confirmed by order entered on February 8, 2016 [Docket No. 32].

the Trustee notified such parties and counsel that, to the Trustee's knowledge, as of February 12, 2019 (the date of the filing of the Mortgage Notice): (a) the Debtors had a Plan payment delinquency of $263.70; (b) the Trustee had made disbursements totaling $14,236.80 under the Plan to JPMorgan in relation to JPMorgan's pre-petition Mortgage arrearage claim; (c) the remaining unpaid principal balance of the Mortgage arrearage claim to be paid under the Plan was $4,763.20; and (d) with respect to ongoing post-petition Mortgage payments, because the Debtors were responsible for making such payments directly to JPMorgan under the terms of the Plan and the Trustee was, thus, unaware of the status of such direct payments, the Debtors' ongoing post-petition Mortgage payments would be deemed current in the absence of a response by JPMorgan in opposition, detailing the amount of the delinquency.

Pursuant to Local Rule 3002.1-1(c), a mortgage holder is required to respond to a mortgage notice by no later than 60 days after the date of the filing of the mortgage notice.[3] Keying off of this local rule, the Trustee included the following deadline notice within the Mortgage Notice:

> **PURSUANT TO LOCAL BANKRUPTCY RULE 3002.1-1, ON OR BEFORE SIXTY (60) DAYS FROM THE DATE OF SERVICE[4] OF THIS MORTGAGE NOTICE, THE HOLDER OF A CLAIM COVERED BY THE MORTGAGE NOTICE SHALL FILE A WRITTEN RESPONSE WITH THE CLERK OF THE COURT….**

(Emphasis in original). The Mortgage Notice also, however, included the following additional language in the paragraph immediately preceding the above deadline language:

> **A SCHEDULING ORDER WILL BE SERVED BY THE BANKRUPTCY CLERK WHICH WILL ESTABLISH SPECIFIC, IMPORTANT, AND MANDATORY DATES AND DEADLINES CONCERNING THIS MORTGAGE NOTICE, AS WELL AS OTHER REQUIREMENTS ("SCHEDULING ORDER"). IF THERE IS**

---

[3] N.D. Tex. L.B.R. 3002.1-1(c) ("Within 60 days after the filing of a Mortgage Notice the [mortgage] holder shall file and serve … a response indicating whether it disputes the information in such notice.").

[4] Technically, Local Rule 3002.1-1(c) provides that the deadline is to be determined in reference to the date of *filing* of the Mortgage Notice as opposed to the date of *service* of the Mortgage Notice. *See id.* Here, however, the distinction is immaterial because the Trustee filed and served the Mortgage Notice on the same day. *See* Mortgage Notice, at p.2 (Certificate of Service). Nevertheless, for ease of analysis, all future reference to the Mortgage Notice will treat the Mortgage Notice as having properly referred to the date of filing instead of the date of service.

**ANY CONFLICT BETWEEN THE SCHEDULING ORDER AND THIS MORTGAGE NOTICE, THE SCHEDULING ORDER WILL CONTROL.**

On February 13, 2019, the day after the filing of the Mortgage Notice, the Court, in fact, issued a *Scheduling Order Regarding Mid-Case Notice of Amount Deemed Necessary to Cure Mortgage Arrearage* [Docket No. 70] (the "**Scheduling Order**"). Pursuant to the Scheduling Order, the Court set a date certain deadline of April 13, 2019 for the filing of a response to the Mortgage Notice.[5] While the April 13, 2019 deadline was determined as 60 days after the date of the filing of the Mortgage Notice consistent with Local Rule 3002.1-1 (and the Mortgage Notice), the dispute in this matter arises from the fact that April 13, 2019 was a Saturday.

On April 15, 2019, the next non-holiday business day following the date certain deadline of April 13, 2019 imposed by the Scheduling Order, JPMorgan filed its *Response to Trustee's Interim Notice of Amount to Deem Mortgage Current* [Docket No. 74] (the "**Response**") to dispute the assertion that the Debtors were current on their post-petition Mortgage payments. Pursuant to the Response, JPMorgan asserted that, as of the filing of the Response, the Debtors had an outstanding post-petition delinquency of $8,985.20 (the "**Alleged Post-Petition Delinquency**").[6] On May 10, 2019, the Debtors filed both the *Debtors' Objection to JPMorgan Chase Bank's Response to Trustee's Interim Notice of Amount to Deem Mortgage Current* [Docket No. 75] (the "**Objection**") and the *Debtors' Objection and Reply to JPMorgan Chase Bank's Response to Trustee's Interim Notice of Amount to Deem Mortgage Current* [Docket No. 76] (the "**Reply**"). Pursuant to the Objection, the Debtors assert that the Response is barred as untimely under the

---

[5] The Scheduling Order states in relevant part: "**THE FOLLOWING DEADLINES APPLY IN THE CASE:** … If the lender disputes the information in the Mortgage Notice, the lender must file a response (the "*Lender's Response*") on or before ***4/13/19***." (emphasis in original).

[6] According to the Response, the Alleged Post-Petition Delinquency is comprised of (a) 4 missed monthly payments of $1,286.69 each for the months of October 2018 through January 2019, plus (b) 3 missed monthly payments of $1,326.33 each for the months of February 2019 through April 2019, less (c) a suspense balance of $140.51.

terms of the Scheduling Order and should be disregarded. Pursuant to the Reply, the Debtors additionally deny the existence of the Alleged Post-Petition Delinquency, claiming that JPMorgan has misapplied a variety of Mortgage payments and otherwise committed errors in accounting for the Mortgage and Mortgage payments.

On June 6, 2019, the Court conducted a hearing on the Mortgage Notice, Response, Objection and Reply. The Trustee and JPMorgan each appeared by and through counsel. The Debtors appeared *pro se*. By agreement of the parties, the dispute was bifurcated, with only the Objection presented to the Court for initial determination.[7]

## DISCUSSION

A.  *The Date Certain Deadline of the Scheduling Order Controls*

As indicated above, the first issue presented to the Court for determination is whether the deadline for JPMorgan's response to the Mortgage Notice is dictated by Local Rule 3002.1-1, the Mortgage Notice, or the Scheduling Order. The Debtors assert that the Scheduling Order controls and takes precedence over the local rule and Mortgage Notice. JPMorgan, on the other hand, appears to argue that the Scheduling Order did not have the effect of superseding the deadline imposed by either Local Rule 3002.1-1 or the Mortgage Notice, and that provided the Response was filed by the deadline imposed by any of the three (*i.e.* the local rule, Mortgage Notice or Scheduling Order), then it was timely. The significance of JPMorgan's argument is that if the responsive deadline is to be determined as a *period of days* after the date of the filing of the Mortgage Notice instead of the *date certain deadline* of the Scheduling Order, then it is undisputed

---

[7] Pursuant to Fed. R. Civ. P. 42(b), made applicable to contested proceedings such as these pursuant to Fed. R. Bankr. P. 7042 and 9014(c), the Court may conduct a separate hearing on one or more separate issues for convenience and/or to expedite and economize.

that the responsive deadline was automatically extended to April 15, 2019 by operation of Federal Rule of Bankruptcy Procedure 9006(a)(1)(C), which provides in relevant part:

> **(a) Computing Time**.  The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> **(1)** *Period Stated in Days or a Longer Unit*.  When the period is stated in days or a longer unit of time:
> . . .
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Here, however, the Debtors are correct in their assertion that the responsive deadline was dictated by the Scheduling Order, which took precedence over both Local Rule 3002.1-1 and the Mortgage Notice.

First, in considering Local Rule 3002.1-1 and any actual or potential inconsistency that may exist between such rule and the Scheduling Order, it is important to consider the overlay of Local Rule 1001-1(b)(3).  Local Rule 1001-1(b)(3) specifies that "[n]otwithstanding these Local Bankruptcy Rules, the Presiding Judge may direct the parties to proceed in any manner that the judge deems just and expeditious and may suspend or modify any Local Bankruptcy Rule in a particular case."[8]  Here, the Scheduling Order was issued by authority of the above-signed Presiding Judge[9] to direct, among other things, JPMorgan to comply with the date specific responsive deadline of April 13, 2019 if it disputed any of the information in the Mortgage Notice. Thus, to the extent of any actual or potential inconsistency between Local Rule 3002.1-1 and the Scheduling Order, the Scheduling Order controls in accordance with Local Rule 1001-1(b)(3).

---

[8] N.D. Tex. L.B.R. 1001-1(b)(3).

[9] *See* N.D. Tex. L.B.R. 9001-1(g) (defining "Presiding Judge" as "the bankruptcy judge to whom the case, adversary proceeding, or contested matter is assigned.").

Second, in separately considering the Mortgage Notice, it is first important to emphasize that a mortgage notice issued by the Trustee's office, such as the Mortgage Notice in this case, does not have the effect of either a local rule or a court order.  Therefore, on this basis alone, the Scheduling Order takes precedence over the Mortgage Notice.  Even so, language within the Mortgage Notice, itself, eliminates the possibility of any inconsistency or confusion in reference to the Scheduling Order.  As indicated above, the Mortgage Notice expressly stated that "**IF THERE IS ANY CONFLICT BETWEEN THE SCHEDULING ORDER AND THIS MORTGAGE NOTICE, THE SCHEDULING ORDER WILL CONTROL.**"  Thus, it was made patently clear to JPMorgan that the deadline set forth within the Scheduling Order would control.

### B.     Bankruptcy Rule 9006(a)(1)(C) is Inapplicable to the Date Certain Deadline of the Scheduling Order

Next, JPMorgan asserts that, even if the Scheduling Order controls, then the date certain deadline of April 13, 2019 was extended to April 15, 2019 pursuant to Bankruptcy Rule 9006(a)(1)(C).  The Debtors, on the other hand, assert that where a date certain deadline has been established by court order, Bankruptcy Rule 9006(a)(1)(C) does not apply.  The Debtors are correct.

In 2009, Bankruptcy Rule 9006(a) was amended to clarify that the automatic extension of time provided to a party where a deadline falls on a weekend or legal holiday only applies where the deadline is stated in hours, days or a longer unit of time.  In other words, it applies where the deadline must be calculated – not where a date certain deadline has been established.[10]  Here,

---

[10] *See* Fed. R. Bankr. P. 9006 advisory committee's note to 2009 amendment ("Subdivision (a) has been amended to simplify and clarify the provisions that describe how deadlines are computed. … The time-computation provisions of subdivision (a) apply only when a time period must be computed.  They do not apply when a fixed time to act is set. … If, for example, the date for filing is 'no later than November 1, 2007,' subdivision (a) does not govern.  But if a filing is required to be made 'within 10 days' or 'within 72 hours,' subdivision (a) describes how that deadline is

because the Scheduling Order established the date certain deadline of April 13, 2019, Bankruptcy Rule 9006(a)(1)(C) is inapplicable and did not act to automatically extend the deadline to April 15, 2019.[11]

## *CONCLUSION*

Based upon the foregoing, the Court concludes that the deadline for JPMorgan to file its Response was April 13, 2019 based upon the terms of the Scheduling Order, and that because the Scheduling Order utilized a date certain deadline, Federal Rule of Bankruptcy Procedure 9006(a)(1)(C) did not apply to automatically extend the deadline to April 15, 2019. Thus, because

---

computed."); *see also Smart-Fill Mgmt. Group, Inc. v. Froiland (In re Froiland)*, 589 B.R. 309 (Bankr. W.D. Tex. 2018); *X/Open Co. Ltd. v. Gray (In re Gray)*, 492 B.R. 923 (Bankr. M.D. Fla. 2013).

[11] At the hearing, JPMorgan also pointed to the following language of the Mortgage Notice, which is modeled after the provisions of Local Rule 3002.1-1(e), in suggesting that its failure to timely respond should be excused: "THE ENTRY OF ANY ORDER BY THE COURT ON THIS MORTGAGE NOTICE, WHETHER BY DEFAULT OR OTHERWISE, SHALL PRECLUDE THE HOLDER OF THE CLAIM AND THE DEBTORS FROM CONTESTING THE AMOUNTS SET FORTH IN THE ORDER IN ANY CONTESTED MATTER OR ADVERSARY PROCEEDIGN [SIC.] IN THIS CASE OR IN ANY OTHER MATTER, OR FORUM AFTER A DISCAHRGE [SIC.] IN THIS CASE, UNLESS THE COURT DETERMINES, AFTER NOTICE AND HEARING, THAT THE FAILURE TO RESPOND AND/OR RELY WAS SUBSTANTIALLY JUSTIFIED OR IS HARMLESS." Mortgage Notice, at p.1; *see also* N.D. Tex. L.B.R. 3002.1-1(e) ("Any order issued on a Mortgage Notice, (whether by default or after a response, and/or reply) shall preclude the holder and the debtor from contesting the amounts set forth in the order in any contested matter or adversary proceeding in this case, or in any other matter, manner, or forum after a discharge in this case, unless the court determines, after notice and a hearing, that the failure to respond and/or reply was substantially justified or is harmless."). The Scheduling Order also incorporates substantially the same language. *See* Scheduling Order, at p.1 ("Once the Court enters an order on the Mortgage Notice, the debtor and the lender will be barred from contesting the amounts set out in the order in any contested matter or adversary proceeding in this case, or in any other matter, manner or forum after a discharge in the case, unless the Court determines, after notice and a hearing, that the failure to respond, reply, and/or to attend the pre-hearing conference was substantially justified or is harmless."). In each case, the language sets out grounds for obtaining relief from an order that has already been entered. Here, an order has yet to be entered. Additionally, the language provides that relief may only be afforded "after notice and hearing." Here, JPMorgan has not formally requested any such relief "upon notice" to the Debtors, the Trustee and other parties in interest with an opportunity for hearing. JPMorgan's first-time reference to the above language at the hearing did not constitute sufficient notice and opportunity for hearing for these purposes.

Moreover, the proper pre-order vehicle to pursue relief from a missed deadline is Bankruptcy Rule 9006(b)(1). *See* Fed. R. Bankr. P. 9006(b)(1) ("Except as provided in paragraphs (2) and (3) of this subdivision [inapplicable], when an act is required or allowed to be done at or within a specified period … by order of court, the court for cause shown may at any time in its discretion … (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."). Because, to date, JPMorgan has not filed a motion to request any relief under Bankruptcy Rule 9006(b)(1), the Court declines to consider whether the rule would apply to excuse the untimeliness of the Response.

the Response was not filed until after the April 13, 2019 deadline, the Court finds and concludes that the Debtors' Objection should be sustained. Accordingly, it is hereby:

**ORDERED, ADJUDGED AND DECREED** that the Debtors' Objection be and is hereby SUSTAINED and JPMorgan's Response is hereby stricken as untimely.

### END OF MEMORANDUM OPINION AND ORDER ###